**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:59 PM July 3, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT CHARLES HEIFNER, | ) | CASE NO. 10-64109 |
| | ) | |
| Debtor. | ) | ADV. NO. 11-6070 |
| | ) | |
| TOBY L. ROSEN, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| ROBERT CHARLES HEIFNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now before the court is Defendant Donna Myers' ("Defendant") motion to dismiss, filed on October 20, 2011, Defendant Robert Charles Heifner's ("Debtor") motion for summary judgment, filed on December 14, 2011, and Plaintiff's motion for summary judgment, filed on December 16, 2011.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

This opinion is not intended for publication or citation. The availability of this opinion, in

1

electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Plaintiff commenced this adversary proceeding on August 25, 2011 seeking to recover pursuant to 11 U.S.C. § 544 the assets of a trust[1] of which Debtor is the sole beneficiary. The trust was created by Charlotte A. Heifner and its assets include her entire estate after specific distributions. The current trustee of the trust is Donna Myers and the trust also names Randall Rutter as successor trustee. In addition, the trust provides that any beneficiary entitled to regular distributions under the terms of the trust and who has reached the age of twenty-five (25) may remove the trustee and designate at their own discretion a successor trustee.[2]

The trust contains a spendthrift clause and provides for twenty (20) quarterly distributions over five years with the balance of the trust to be distributed on the fifth anniversary of Charlotte A. Heifner's death. Included in the assets of the trust is a one-third interest in Magnolia LLC, which holds the sole assets of proceeds from oil and gas contained within real estate located in Tuscarawas County. Debtor also holds a one-third interest in Magnolia LLC.

Plaintiff argues that, under the terms of the trust, since Debtor has reached the age of twenty-five (25) and is entitled to regular distributions that he can remove Donna Myers as trustee, name a successor trustee, either himself or someone subordinate to him, and have complete control over the trust assets. Plaintiff also argues that since the trust holds a one-third interest in Magnolia LLC and since Debtor holds a one-third interest in Magnolia LLC, that Debtor effectively holds a two-thirds interest in the company. For these reasons, Plaintiff asserts an interest in Magnolia LLC for the bankruptcy estate. Alternatively, Plaintiff argues that the trustee was required to make five distributions to Debtor prior to the petition date of October 27, 2010 and seeks the turnover of these distributions to the bankruptcy estate. Plaintiff also argues that there are two post-petition mandatory disbursements that should be turned over to the bankruptcy estate.

Debtor[3] argues that the trust is not part of the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2), which excludes spendthrift trusts as property of the estate if the trust is enforceable under nonbankruptcy law. Debtor asserts that the trust does not allow him to name himself or a subordinate as trustee because the trust contains a spendthrift clause. Reading the spendthrift clause *in pari materia* with the provision to appoint a successor trustee, Debtor argues that the only

---

[1] The trust referenced in this matter is the Revocable Trust Agreement of Charlotte A. Heifner.

[2]
> After the Grantor's death and at any time during the continuance of the trust, a majority of the persons who have reached the age of twenty-five (25) years, who are then entitled under the terms of this Agreement to regular income distributions, may jointly remove or cause the removal of the Trustee and may designate, at their own discretion, a Trustee to serve as Successor Trustee.

Revocable Trust Agreement of Charlotte A. Heifner, Art.VI, p. 9.

[3] Debtor's motion for summary judgment incorporated Defendant's motion to dismiss as its main body of argument. Because Debtor and Defendant's arguments are virtually identical, the court will refer to both parties' arguments as Debtor's.

2

harmonious interpretation of the two provisions is that he could not appoint a successor trustee unless Donna Myers and Randall Rutter were unable to perform the duties of trustee. Debtor concedes that the pre-petition mandatory disbursements should be paid to the bankruptcy estate. Debtor, however, argues that the post-petition mandatory disbursements are not actually mandatory due to the terms of the spendthrift clause.

## **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Both parties agree that there is no genuine dispute as to any material fact and, accordingly, summary judgment is appropriate.

As set forth above, the trust provides that after the grantor's death, a majority of the persons entitled to regular income distributions that are over the age of twenty-five (25) years may remove the trustee and designate at their own discretion a successor trustee. Neither party disputes the fact that the grantor, Charlotte A. Heifner is deceased, that Debtor is over the age of twenty-five (25) and is entitled to regular income distributions under the trust. Further, neither party disputes that Debtor is the only person entitled to regular income distributions under the trust and, thus, constitutes a majority.

Under Ohio law, it is well established that a trustee may not be the sole trustee and the sole beneficiary of a trust. OHIO REV. CODE ANN. § 5804.02(A)(5); UAP-Columbus v. Young, 2010 Ohio 485, P14 (Ohio Ct. App. 2010) (citing Hill v. Irons, 160 Ohio St. 21, 27 (Ohio 1953)). A trust must involve a separation of the legal and equitable or beneficial interests in property. In re Estate of Bicknell, 108 Ohio app. 51, 54 (1958). "If the legal title to the trust property and the beneficial interest become united in one person who is not under an incapacity, the trust fails." Id. at 55. In the instant matter, it is clear under Ohio law that if the Debtor is able to remove the current trustee and designate himself as trustee, then the trust fails.

Debtor argues that he cannot name himself as trustee for two reasons. First, Debtor argues that the inclusion of the spendthrift clause along with the provisions regarding removal of the trustee must be interpreted to mean that Debtor can only appoint a successor trustee in the event that Donna Myers and Randall Rutter are unable to perform their duties. Since both Donna Myers and Randall Rutter are alive and have the capacity to serve as trustee, Debtor cannot appoint a successor trustee.

The court does not agree with Debtor's argument. The provision of the trust allowing for Debtor to designate a successor trustee does not limit the ability to instances where Donna Myers

and Randall Rutter are unable to perform their duties. The only limitations contemplated are that the grantor is deceased and the beneficiary must have reached twenty-five (25) years of age. In fact, the provision specifically states "at any time during the continuance of the trust," which this court interprets to mean that the grantor intended the provision to apply at any time as long as the stated conditions were otherwise met, not only if the current and successor trustees are both incapacitated.

Second, Debtor also argues that the spendthrift clause and the trustee designation provision must be read *in pari materia* and should be interpreted to mean that the spendthrift clause prevents Debtor from naming himself as trustee as it would destroy the intent of the spendthrift clause. The court also disagrees with Debtor's second argument. The doctrine of *in pari materia* refers to the canon of construction for statutory interpretation. In re Likes, 406 B.R. 749, 755 (Bankr. N.D. Ohio 2009) ("[T]he doctrine of *pari materia* – meaning literally on the same subject – holds that different statutes should be read together they address the same or a similar subject matter."); *see also* Day v. Beau Townsend Ford, 717 N.E.2d 769, 772 (Ohio Ct. App. 1998) ("The rule of in pari materia permits the meaning of an undefined statutory term to be determined with reference to the statutory law of the state on the same subject or subjects related to it."). It does not refer to trusts and other non-statutory documents and, therefore, has no application in the interpretation of the two clauses of the trust. Moreover, the existence of the power means that Debtor has the ability to destroy the trust's character. It does not mean that the stated power is implicitly overruled by the fact that its exercise would destroy the trust's character.

Finally, "[t]he degree of control that the debtor may exercise over the trust assets is a crucial factor in determining the issue of inclusion in, or exclusion from, the bankruptcy estate." In re Hotchkiss, 75 B.R. 115, 117 (Bankr. N.D. Ohio 1987) (citing In re Pettit, 61 B.R. 341 (Bankr. W.D. Wash. 1986)). Since Debtor is able to designate himself as trustee under the terms of the trust, he has a large degree of control over the assets of the trust. This factor strongly favors the failure of the spendthrift clause and, accordingly, inclusion of the trust assets in the bankruptcy estate. Just because Debtor would not designate himself as trustee to keep the trust valid does not mean that Debtor cannot designate himself as trustee.

Following from the above, the court finds that, pursuant to the terms of the trust, Debtor can remove the current trustee and designate himself as trustee. Once Debtor designates himself as trustee, under Ohio law, the trust fails and is no longer a valid trust. Therefore, the trust is not excluded from property of the estate under 11 U.S.C. § 541(c)(2). Accordingly, Debtor's interest in the trust constitutes property of the estate pursuant to 11 U.S.C. § 541.

An order will be entered simultaneously with this opinion.

#  #  #

**Service List:**

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

David K. Schaffner
132 Fair Ave NW
New Philadelphia, OH 44663

John S. Kaminski
DAY KETTERER LTD.
Millennium Centre – Suite 300
200 Market Avenue North
P.O. Box 24213
Canton, Ohio 44701-4213

5